134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Esther Robles MABITAD, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70888.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1997*
Decided Jan. 26, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aab-uav-wta San Francisco, California
 Before: WOOD, JR.,** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Esther Robles Mabitad petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a) and deny Mabitad's petition for review.
 
 FACTS
 
 3
 Petitioner, Esther Mabitad, is a native-born citizen of the Philippines. She entered the United States in 1990 on a valid visitor's visa. This visa authorized Mabitad to remain in the United States for six months; however, she later had the time period extended to allow her to remain an additional six months after her original departure date.
 
 
 4
 When her visa expired, Mabitad did not leave the United States. Instead, in February 1992, she filed an asylum application with the Immigration and Naturalization Service ("INS"). The INS issued an Intent to Deny Asylum letter to Mabitad on September 14, 1993. In March 1994, the INS issued an Order to Show Cause and Notice of Hearing which charged Mabitad with remaining in the United States after the expiration of her visa without authorization. Petitioner appeared before an Immigration Judge ("IJ") on August 9, 1994.After several continuances, Mabitad's case was finally heard by the IJ on November 2, 1995, at which time the IJ denied Mabitad's application for asylum and withholding of deportation.
 
 
 5
 Mabitad filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on November 13, 1995. On August 27, 1996, the BIA issued an order denying both asylum and withholding of deportation. One Board member dissented, arguing that Mabitad had presented evidence sufficient to support a finding of well-founded fear of future persecution. Mabitad filed a timely petition for review by this court.
 
 
 6
 As a basis for her petition for asylum and withholding of deportation, Mabitad asserts the following factual scenario. While living in the Philippines, Mabitad was active in the anti-communist Civic Action program from 1987 until September of 1990. Through Civic Action, she distributed food, clothing, and anti-communist literature, as well as provided health care services, to people living in poor areas. In the summer of 1990, Mabitad began receiving anonymous, threatening telephone calls. She believes that these calls were from members of the New People's Army ("NPA"), a communist organization. She received three more anonymous calls during the summer of 1990. Then, in September 1990, two men on a motorcycle fired two gunshots into the air in front of Mabitad's home. Mabitad believes that this was another threat from the NPA.
 
 
 7
 A few weeks after the motorcycle incident, Mabitad's watchdog died. Because the dog was found foaming at the mouth, Mabitad believes that he was poisoned. Mabitad believes this is also the work of the NPA. Additionally, Mabitad's husband informed her that her name was on the "liquidation list", the NPA's hit list. Furthermore, Mabitad believes that one of her cousins and a nephew have both been murdered by the NPA.
 
 ANALYSIS
 
 8
 We review for abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995). Factual findings underlying the administrative decision are reviewed for substantial evidence. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996). The Board's decision may be reversed only if the evidence presented to it by the alien was such that a reasonable fact finder would necessarily conclude that the requisite standards were met. The evidence must be strong enough to compel a reversal, not merely sufficient to support one. Id. (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).
 
 
 9
 As a preliminary matter, we must address Mabitad's contention that the BIA decision should be vacated and remanded for clarification as to whether the Board conducted a de novo review of the case or merely adopted the decision of the IJ. This distinction is significant. If the Board conducted a de novo review of the IJ's factual and legal determinations, we review only the BIA decision, since any errors made by the IJ will be rendered harmless. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). Alternatively, if the BIA merely reviewed the IJ's decision for abuse of discretion, without exercising its own discretion or making an independent examination of the record, we then review the decision of the IJ, rather than that of the BIA. Id. at 1367.
 
 
 10
 In the present case, the BIA decision expressly states that the Board conducted its own review of the record. From this review, the Board made an independent determination that the IJ adequately addressed the issues. The BIA decision sets out the Board's independent rationale for reaching its decision, citing specific facts from the record and stating that it found Mabitad's assertions to be too speculative to support a grant of asylum. Given these factors, it is clear that the Board conducted a de novo review. See. e.g., Alaelua, 45 F.3d at 1382.
 
 
 11
 When the BIA, upon de novo review, determines that the IJ's decision was careful and thorough, the Board need not rewrite the analysis in its own words. Instead, it may choose to incorporate the IJ's analysis into its decision. Alaelua, 45 F.3d at 1382. This incorporation does not mean that the BIA failed to conduct a de novo review of the case. Id. In the present case, the Board made a determination that the IJ's decision outlined the pertinent facts and legal standards. Instead of rehashing these facts and legal standards, the Board incorporated them into its decision from the IJ's decision. The Board then considered these facts and legal standards together with its own review of the record. Weighing both the favorable and unfavorable factors, the Board made an independent determination that asylum should be denied. Therefore, we review the BIA decision.
 
 I. Request for Asylum
 
 12
 The Attorney General may grant asylum to an alien if that alien qualifies as a refugee under the Immigration and Naturalization Act ("Act"). 8 U.S.C. § 1158(a). The Act provides that a refugee is a person who is unwilling or unable to return to his country of nationality, and to avail himself of the protection of that country, because of past persecution or a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Mabitad asserts that she is entitled to asylum based on past persecution and a well-founded fear of future persecution by the NPA. We disagree.
 
 A. Past Persecution
 
 13
 At the outset, we must determine whether Mabitad's past persecution claim is properly before this court. Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies with respect to that question and deprives this court of jurisdiction to hear the matter. Vargas v. U.S. Dept. of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987). Mabitad contends that she sufficiently raised the issue of past persecution to preserve it for appeal. She did not address the issue in her brief to the BIA. However, Mabitad points to language in her Notice of Appeal to the BIA which she believes adequately raises the past persecution claim.
 
 
 14
 First, Mabitad argues that the statement "[d]iscretion could have been readily rendered within the guidelines for granting political asylum" should be construed broadly to encompass both possible grounds for asylum--past persecution and a well-founded fear of future persecution. However, petitioner herself notes that these two grounds represent alternative ways to prove eligibility for asylum. A favorable ruling could be based solely on a showing of a well-founded fear of future persecution. This statement alone is insufficient to preserve the past persecution issue for appeal.
 
 
 15
 For additional support, Mabitad points to the section of her Notice of Appeal in which she listed her specific grounds for appeal. As a basis for appeal, Mabitad stated that she had a "subjective and objective well-founded fear of persecution in the Philippines." She now contends that the omission of the word "future" from this statement allows the sentence to include past persecution as well as a fear of future persecution. This argument once again calls for a stretch in interpretation, given the fact that the statement itself utilizes the subjective/objective test which applies to fear of future persecution determinations. Mabitad points to no further evidence to support her contention. As a result, we find that Mabitad did not raise the past persecution claim before the BIA, but even if she had it appears to be too weak and speculative to justify relief. Therefore, the issue is waived and Mabitad may not argue it before this court.
 
 B. Well-founded Fear of Future Persecution
 
 16
 In order to qualify for asylum due to fear of future persecution, a petitioner must satisfy both a subjective and an objective prong. Lopez-Galarza v. INS, 99 F.3d 954, 958 (9th Cir.1996). The subjective element may be satisfied by credible testimony that the petitioner has a genuine fear of future persecution, while the objective element requires credible, specific evidence which demonstrates the reasonableness of that fear. Id. The BIA found that the evidence presented by Mabitad was too speculative to meet this burden. This court will not reverse the BIA simply because we disagree with its evaluation, rather we will reverse only if the Board's decision is not supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 17
 The evidence in this case shows that the threatening telephone caller warned Mabitad that she should stop her work with the Civic Action committee. She, in fact, did stop working for the committee in September 1990. Additionally, Mabitad supports her claim for asylum with the fact that she believes that her dog was poisoned, that gun shots were fired in front of her house, and that two of her relatives were killed by the NPA. Mabitad fails to substantiate these claims or to link these incidents to the NPA with anything other than her own speculations. The most persuasive claim, that Mabitad's name appears on the NPA "liquidation list", is also unsubstantiated. As petitioner notes, if documentary evidence is not available, the alien's testimony will suffice if it is credible, persuasive, and refers to specific facts that give rise to an inference that the applicant has a good reason to fear future persecution. Cardoza-Fonseca v. INS, 767 F.2d 1448, 1453 (9th Cir.1985). However, the lack of corroborating evidence, together with changed political conditions in the Philippines and the fact that several of Mabitad's daughters are currently living in Manila without incident, provides substantial evidence to support the Board's decision. We cannot say that the evidence compels a finding that Mabitad has a well-founded fear of future persecution should she return to the Philippines. The BIA did not abuse its discretion, and its decision should be upheld.
 
 II. Request for Withholding of Deportation
 
 18
 Mabitad's failure to qualify for asylum necessarily precludes her qualification for withholding of deportation, since withholding of deportation requires a higher standard of proof See, e.g., Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 19
 PETITION DENIED.
 
 
 
 *
 It has been determined that this case is suitable for decision without argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3